# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

FILED: **11/18/10**
U.S. DISTRICT COURT
EASTERN DISTRICT COURT
DAVID J. MALAND, CLERK

No. 1:10-CR-119(1)

United States of America

v.

Leejay Manuel Chargois

                Defendant

## Report and Recommendation Re: Petition for Warrant or Summons for Offender Under Supervision

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed October 24, 2010, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

# I. The Original Conviction and Sentence

Defendant was sentenced on January 30, 2004, before The Honorable Sam Sparks, U.S. District Judge of the Western District of Texas, after pleading guilty to the offense of felon in possession of a firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of VI, was 51 to 63 months. Defendant was subsequently sentenced to 51 months imprisonment followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions of: drug aftercare; financial disclosure; and a $100 special assessment.

# II. The Period of Supervision

On December 14, 2007, defendant completed his period of imprisonment and began service of the supervision term. On June 17, 2010, the conditions of supervised release were modified so that the defendant was placed on home detention for a period not to exceed 100 days, to commence immediately. Defendant's case was later reassigned to The Honorable Marcia A. Crone, U.S. District Judge for the Eastern District of Texas, on October 15, 2010.

# III. The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on October 24, 2010. The petition alleges that defendant violated the following conditions of release:

1. Mandatory Condition: Defendant shall not commit another federal, state, or local crime.

2. Standard Condition: Defendant shall notify the probation officer ten days prior to any change of residence or employment.

3. Special Condition: Defendant shall be placed on home detention for a period not to exceed 100 days, to commence immediately. During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance by the U.S. Probation Officer. The defendant shall maintain a telephone at his place of residence without "call forwarding," "a modem," "Call I.D.," "call waiting," or portable cordless telephones for the above period. At the direction of the probation officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. The defendant is to pay the cost associated with his program of electronic monitoring.

As grounds, the petition alleges that: 1. On March 11, 2010, Mr. Chargois was arrested in Orange, Texas for the offense of driving while intoxicated, and charges are still pending; 2. The U.S. Probation office received an anonymous phone call from a female who advised that Mr. Chargois has not been working for the past two weeks, and has still been leaving his residence when allowed to leave for work purposes while participating in the electronic monitoring program. On September 5, 2010, Mr. Chargois was questioned about his employment, and he admitted to not working for the past week, but still left his residence during the allotted work times; and 3. On September 5, 2010, the U.S. Probation Office received notice from B.I. Incorporated, Boulder, Colorado, that Mr. Chargois left his residence during an unscheduled time. A home visit was conducted, and contact was made with his fiancee, who verified that Mr. Chargois was not home. Later, Mr. Chargois located me, and we pulled into a

parking lot to discuss his situation. Mr. Chargois admitted to leaving his residence, when he was not scheduled to leave, so that he could spend time with his son and the mother of his child. Mr. Chargois stated he is willing to accept the consequences of his actions.

## IV. Proceedings

On November 16, 2010, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition. Defendant agreed to plead "true" to the allegation that he violated a standard condition of supervised release by failing to notify the probation officer ten days prior to any change of employment. In exchange for defendant's plea of "true," the government agreed to decline to proceed with remaining alleged violations of supervised release conditions. Further, the parties agreed the court should revoke defendant's supervised release and impose 6 months of imprisonment, with no term of supervised release thereafter.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a standard condition of supervised release by failing to notify the probation officer ten days prior to any change of employment.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in

such term of supervised release without credit for time previously served on post-release supervision, if the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release. The original offense of conviction was a Class C felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is 2 years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a standard condition of supervised release by failing to notify the probation officer ten days prior to any change of employment, defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of VI, the guideline imprisonment range is 8 to 14 months.

According to U.S.S.G § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4, and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. As such, Mr. Chargois had 42 days left on electronic monitoring.

According to U.S.S.G § 7B1.3(f), any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining a sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; <u>see</u> 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; <u>see</u> 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. 3553(a)(4); <u>see also</u> 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; <u>see</u> 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

## Findings:

Defendant pleaded "true" to the allegation that he violated a standard condition of supervised release by failing to notify the probation officer ten days prior to any change of employment. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), the undersigned finds that defendant violated conditions of supervised release by leaving his home during allotted work hours but not attending work and failing to notify his probation officer of his change in employment.

## Conclusions and Justification:

Defendant's violation is a Grade C violation, and his criminal history category is VI. Policy guidelines suggest 8 to 14 months imprisonment upon revocation. Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision by failing to notify the probation officer ten days prior to any change of employment. As such, incarceration appropriately addresses defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a term of incarceration.

### RECOMMENDATIONS

1. The court should find that defendant violated a standard condition of supervised release, by failing to notify the probation officer ten days prior to any change of employment, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of

6 months including 42 days of unserved home detention to be served consecutively to any sentence of imprisonment that the defendant is serving.

4.    Upon release of imprisonment, defendant should not be placed on supervised release.

5.    The court should recommend that Defendant be incarcerated in the Beaumont Federal Correctional Complex of the Federal Bureau of Prisons if deemed appropriate by the Bureau of Prisons.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this __18__ day of November, 2010.

_____
Earl S. Hines
United States Magistrate Judge